UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIRIRAT THEERACHAYAVARANONT, an individual

Plaintiff,

v. Case No: 2:15-cv-188-FtM-38MRM

RED LOBSTER HOSPITALITY, LLC,

Defendant.

______________________________/

**ORDER**[1]

This matter comes before the Court on Defendant Red Lobster Hospitality, LLC's Motion to Strike Plaintiff's Amended Complaint and Dismiss this Case, or, Alternatively, Motion to Stay Pending Arbitration filed on June 8, 2016. (Doc. #21). Plaintiff Sirirat Theerachayavaranont, appearing *pro se*, filed a Motion to Stay Pending Arbitration (Doc. #24) on July 1, 2016, which the Court construes as her response to Defendant's motion.[2]

**BACKGROUND**

This is an employment discrimination case. (Doc. #1). Shortly after Plaintiff commenced this suit in March 2015, the Court stayed the matter pending arbitration. (Doc. #7). Although Plaintiff filed a demand for arbitration, she failed to pursue arbitration

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant has filed a response to Plaintiff's motion (Doc. #25), which mostly reasserts the arguments presented in its pending motion (Doc. #21).

thereafter. (Doc. #21-1). As a result, the arbitration case administrator closed the file in February 2016. (Doc. #21-1 at 11). Defendant subsequently filed a Motion to Dismiss for Failure to Prosecute (Doc. #13).

In the midst of the above, Plaintiff fired her then-attorney who moved to withdraw as counsel. (Doc. #11). The Court allowed Plaintiff thirty days to secure new counsel and have counsel file a notice of appearance, or to notify the Court that she intended to proceed *pro se*. (Doc. #12). When the Court received no word from Plaintiff, it reviewed the docket and discovered an issue with her mailing address. Thus, in an order dated April 6, 2016, the Court afforded Plaintiff an additional fourteen days to secure new counsel or notify the Court of her *pro se* status. (Doc. #15).

Plaintiff thereafter notified the Court of her intent to proceed *pro se*. (Doc. #16). She also advised that she was involved in a "disabling car accident" on December 13, 2015, which resulted in her losing the use of her right arm and hand. (Doc. #16-1). The Court then allowed Plaintiff additional time to respond to Defendant's motion to dismiss. (Doc. #18). In accordance with the Court's Order, Plaintiff filed an Amended Complaint. (Doc. #19). That filing prompted the Court to deny Defendant's motion to dismiss as moot. (Doc. #20).

**DISCUSSION**

Defendant now moves to strike the Amended Complaint as non-compliant with Rule 15(a) of the Federal Rules of Civil Procedure and dismiss this action for failure to prosecute. (Doc. #21). Alternatively, Defendant requests that this Court stay this action pending the completion of arbitration. (Doc. #21). As best the Court can tell, Plaintiff

consents to arbitration and staying this case. (Doc. #24). For the following reasons, the Court will deny in part and grant in part Defendant's motion.

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. [And, t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is true that Plaintiff sought neither Defendant's written consent nor the Court's leave prior to file the Amended Complaint. Ordinarily, the Court would strike pleadings for non-compliance with the Federal Rules of Civil Procedure. Given Plaintiff's recent *pro se* status, however, the Court will excuse the procedural misstep and allow the Amended Complaint to stand. The Court's leniency is justifiable and reasonable because the Amended Complaint is nearly identical to the original Complaint, except for Plaintiff's handwritten change in paragraph 2 and a deletion in paragraph 17.

Even if the Court struck the Amended Complaint, it would not dismiss this case for Plaintiff's failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Defendant's frustration with the delay in this case is understandable. But the record before the Court does not provide adequate cause to dismiss the case for failure to prosecute. Since righting Plaintiff's address, she has responded timely to the Court's orders. And Plaintiff's car accident in December 2015, which left her injured, may explain some of the delay in this case. At this time, the Court finds that Plaintiff has been actively prosecuting this case.

As to Defendant's alternative request to stay this case pending arbitration, the Court will grant it. This case arises out of Plaintiff's former employment with Defendant, and as a condition of her employment, she agreed to arbitrate any disputes regarding her employment. Plaintiff also does not oppose arbitration and the stay. (Doc. #24). Consequently, the Court stays this case pending the conclusion of arbitration and directs Plaintiff to submit this matter to arbitration on or before September 6, 2016.

An important point bears mentioning. Although Plaintiff is appearing *pro se*, she is still required to follow the rules and procedures governing the court process and arbitration. Plaintiff cannot ignore the Court's orders or any correspondence from an arbitrator. The Court expects Plaintiff's full cooperation in the arbitration process, including promptly submitting this case to arbitration and providing any requested documents to the arbitrator. Although the Court has afforded Plaintiff leniency to date, she should not expect continued tolerance in the future.

Accordingly, it is now

**ORDERED:**

(1) Defendant Red Lobster Hospitality, LLC's Motion to Strike Plaintiff's Amended Complaint and Dismiss this Case, or, Alternatively, Motion to Stay Pending Arbitration (Doc. #21) is **DENIED in part and GRANTED in part**. The motion is denied as to striking the Amended Complaint and dismissing this case, but is granted as to compelling arbitration and staying the matter.

(2) Plaintiff shall submit this case to arbitration on or before **September 6, 2016. Failure to do so will result in dismissal of this action.**

(3) The parties shall file a joint report within **five (5) days** after the conclusion of the arbitration, informing the Court of the arbitrator's decision and, if needed, requesting the Court to lift the stay.

(4) This case is **STAYED** until further Court order.

(5) The Clerk of Court is **DIRECTED** to add a stay flag to the docket.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record